UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GERMAINE PAGE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:21-cv-00355-LEW |
| | ) | |
| SUN JOURNAL NEWSPAPER, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff filed a complaint and an application to proceed in forma pauperis, which application the Court granted. (Complaint, ECF No. 1; Application, ECF No. 2; Order, ECF No. 3.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

**FACTUAL ALLEGATIONS**

Plaintiff alleges Defendant, a newspaper, printed falsehoods about him and the charges the State has brought against him. According to Plaintiff, Defendant published two stories about him, at least one of which falsely asserted that Plaintiff committed murder. Plaintiff asserts Defendant's actions defamed him and were detrimental to his criminal case.

## LEGAL STANDARD

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This is

2

"not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).  To establish this Court's subject-matter jurisdiction over a claim, the claim must present either a federal question that "aris[es] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or a matter in controversy that exceeds the value of $75,000 between persons domiciled in different states, 28 U.S.C. § 1332.  "Federal courts are obliged to resolve questions pertaining to subject-matter jurisdiction before addressing the merits of a case." *Acosta-Ramírez v. Banco Popular de Puerto Rico*, 712 F.3d 14, 18 (1st Cir. 2013).

Plaintiff has alleged a defamation claim.  The tort claim Plaintiff asserts arises under state law, not federal law.  The Court's federal question jurisdiction, therefore, is not applicable.  Plaintiff has also failed to allege a claim within the Court's diversity jurisdiction.  Defendant is a Maine newspaper and Plaintiff is evidently domiciled in Maine.  Because the Court lacks jurisdiction over the claims raised in the complaint, dismissal of Plaintiff's complaint is warranted.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of February, 2022.